# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

---

STUART T. GUTTMAN,

     Plaintiff(s),

vs.                                         CIVIL NO.04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

     Defendant(s).

## MEMORANDUM OPINION AND ORDER DENYING MOTION

THIS MATTER comes before the Court upon Plaintiff's Motion for Having the Court Notify the Department of Justice to Intervene, filed June 29, 2004 **(Doc. 23)**. In addition to filing the instant motion, Plaintiff has also filed an Additional Request and Clarification to the Motion (Supplement) (Doc. 25). Given my ruling on this motion, which is that Plaintiff's motion is completely meritless, further briefing is unnecessary. Mr. Guttman is representing himself in this action.[1]

---

    [1] In the past two years, Plaintiff has filed two other actions, no longer pending, which were related to the events giving rise to the instant lawsuit. In Guttman v. State of New Mexico et al., Civil No. 02-216 LCS/JHG, Plaintiff asserted violations of the Americans With Disabilities Act ("ADA"), which was voluntarily dismissed without prejudice by Plaintiff under Fed.F.Civ.P. 41(a). A year later, in Guttman v. Khalsa et al., Civil No. 03-463 LCS/KBM, Plaintiff reinstated the ADA claim, and added a claim brought under the Fourteenth Amendment, alleging violations of his right to procedural due process. This case was dismissed with prejudice on the Court's granting of summary judgment to defendants. (Doc. 18). Plaintiff filed a notice of appeal in this

**Background**

      Sometime in late 2000 or early 2001, Stuart Guttman lost his license to practice medicine as a result of proceedings before the New Mexico Board of Medical Examiners.  He is now suing the lawyer who represented him in the proceedings (Herbert Silverberg), as well as the Disciplinary Board of the State Bar of New Mexico for permitting Mr. Silverberg to continue to practice law in New Mexico despite a temporary suspension of his license and several complaints that had been filed against him prior to his representation of Mr. Guttman before the Board of Medical Examiners.[2]

      Mr. Guttman's amended complaint asserts a violation of his First Amendment rights to free speech, and is premised on the Disciplinary Board's policy of confidentiality regarding complaints made against an attorney.  Plaintiff claims that this policy  is "designed to shield attorneys from adverse publicity" and has caused him irreparable harm.  He further alleges that the Disciplinary Board's policy against public disclosure of such complaints, except for formal disciplinary measures, "has the effect of insulating Defendant Disciplinary Board from exposure, thus keeping their activities secret. . . ."  Amended Complaint, ¶ 22.  Mr. Guttman is also suing the State Attorney General, although it is not clear exactly why.  Construing his *pro se* allegations liberally, Plaintiff appears to charge that office with direction of the Disciplinary Board.  His claim for injunctive relief is similarly vague, although it appears that it might have some connection to the relief requested in the present motion, in which he asks the Court to notify the Department of

---

case, which is pending.

     [2]  Mr. Silverberg states that Plaintiff's malpractice claim against him is pending in the Second Judicial Court of the State of New Mexico, Case No. CV-2001-03506, <u>Guttman v. Silverberg</u>.  Ans. to Am. Compl., at 5.

Justice so that it may exercise its right to intervene in this matter under 28 U.S.C. § 2403(a).

Plaintiff challenges the constitutionality of NMRA, Rule 17-304, which governs the confidentiality

of investigations under the Rules Governing Discipline:

>    A. Confidentiality. Except as otherwise provided by this rule, any investigation and any investigatory hearing conducted by or under the direction of disciplinary counsel, or their authorized agents, shall be entirely confidential unless and until they:

>    (1) become matters of public record by:

>>    (a) the filing of a formal specification of charges with the Disciplinary Board pursuant to Rule 17-309;
>>    (b) the filing of a summary suspension proceeding pursuant to Rule 17-207;
>>    (c) the filing of an incompetency or incapacity proceeding pursuant to Rule 17-208;
>>    (d) the filing of a reinstatement proceeding pursuant to Rule 17-214; or
>>    (e) the filing of a motion for order to show cause why a respondent should not be held in contempt pursuant to Paragraph G of Rule 17-206; or

>    (2) are otherwise released according to these rules.

### Discussion

Plaintiff seeks to have the Court notify the United States Government of his challenge to

Rule 17-304, relying on 28 U.S.C. 2403(a).  The original version of the intervention statute,

codified at 28 U.S.C.A. § 401, applied only to federal statutes.  Section 401, passed in 1937,

required notice to the United States Attorney General when the constitutionality of an Act of

Congress was questioned, as well as intervention by the United States as of right for the

presentation of evidence and argument upon the question of the constitutionality of the act.[3]  In

---

[3]  Although any party with standing may raise a constitutionality challenge, it is the intervenor's right to decide whether intervention is appropriate, not the Court's, according to the legislative history of the statute.  See, e.g., Wallach v. Lieberman, 366 F.2d 254, 257-58 (2d Cir. 1966).

1948, Congress enacted 28 U.S.C.A. § 2403, replacing the substantially identical 28 U.S.C.A. § 401.  In 1976, the language that had comprised the entire statute became subsection (a), and Congress added subsection (b) to provide states with the same right enjoyed by the United States.  See, 147 A.L.R. Fed. 613 ("Construction and Application of 28 U.S.C.A. § 2403 . . . Concerning Intervention by United States. . . .").   Section § 2403 (a) states in part:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the *constitutionality of any Act of Congress* affecting the public interest is drawn in question, the court shall certify such fact to the *Attorney General*, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

(emphasis added).  Section § 2403(b) states in part:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the *constitutionality of any statute of that State* affecting the public interest is drawn in question, the court shall certify such fact to the *attorney general of the State*, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. . . ."

(emphasis added).

In short, § 2403(a) pertains to federal statutes, while § 2403(b) pertains to state statutes. For purposes of addressing this motion, I will assume, without deciding, that Plaintiff has standing, which is a threshold requirement Plaintiff must meet.  See, Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (if an action is no longer pendent due to plaintiff's deficient standing, interest of United States as intervenor is no longer at stake).  However, even making such an assumption, the motion still fails.

*Motion as Considered Under § 2403(a)*

In his motion, Mr. Guttman refers to a challenge to a "Federal Statute."  Mot. at 2.  The

4

rule Plaintiff challenges was promulgated and adopted by the New Mexico Supreme Court, and is clearly not an "Act of Congress" envisioned by § 2403(a).  <u>See</u>, Rules Governing Discipline, Preface.  Moreover, Plaintiff seeks to notify the wrong party -- the Department of Justice, instead of the Attorney General, as the statute explicitly requires.  Thus, Plaintiff's motion, as brought under § 2403(a), must be denied.

*Motion as Considered Under § 2403(b)*

Because Mr. Guttman possesses no legal experience or skills, I proceed to construe his pleading to encompass a request for intervention under § 2403(b), which addresses challenges to state, not federal, statutes, and wherein the proposed intervenor would be the State Attorney General instead of the United States Attorney General.  However, he would fail on this basis as well, for several reasons.

A rule of procedure governing disciplinary hearings cannot be considered a state statute for purposes of § 2403(b).  <u>See</u>, <u>e.g.</u>, <u>International Paper Co. v. Inhabitants of Town of Jay, Me</u>., 887 F.2d 338, 341-43 (1st Cir. 1989) (local ordinance was not a "statute" of Maine for purposes of federal statute which allows states to intervene in actions in which constitutionality of a state statute is called into question) (citing <u>Moody v. Flowers</u>, 387 U.S. 97, 101 (1967));[4] <u>Hamilton Nat'l Bank v. District of Columbia</u>, 176 F.2d 624, 630 n. 3 (D.C.Cir.) (§ 2403(a) does not apply to local laws of the District of Columbia), <u>cert. denied</u>, 338 U.S. 891 (1949).  Therefore,

---

[4] <u>Moody</u> relied on 28 U.S.C. § 2281 in deciding that the term "statute" did not encompass local ordinances or resolutions, and that it applied only to "state statute[s] of general and statewide application."  Section 2281 was repealed by the same act that enacted § 2403(b), but nevertheless provides guidance on the intended scope of the provision at issue here, and there are numerous cases interpreting the term "State statute" in former 28 U.S.C. § 2281.  <u>See</u>, <u>International Paper</u>, 887 F.2d at 341.

§ 2403(b) does not apply to the rule which Plaintiff challenges.

Further, even if Plaintiff *were* challenging a bona fide state statute, the Court would not grant his motion.  Since the State Attorney General is already a party to the case, the notice requirement under § 2403 does not apply when state officers are parties.  See, e.g., International Paper, 887 F.2d at 342-33 (§ 2403 did not entitle State to intervene because Town, which was already a party, and State of Maine, which was seeking to intervene, had similar interests, and district court did not abuse its discretion in not allowing state to intervene); Spring v. Caldwell, 92 F.R.D. 7 (S.D. Tex. 1981) (chief of police and police officers were state officers of Texas, and therefore, in a suit in which the chief of police was a party, the trial court was not required 28 U.S.C.A. § 2403(b), to give notice to the state attorney general that the constitutionality of a state statute was in question under, and thus the attorney general was not entitled, on that basis, to intervene in the suit after the entry of final judgment); Sovereign News Co. v. Falke, 448 F. Supp. 306 (N.D. Ohio 1977), judgment remanded on other grounds, 610 F.2d 428 (6th Cir. 1979), appeal after remand, 674 F.2d 484 (6th Cir. 1982) (court lacked power to permit the state attorney general to intervene under § 2403(b) in a hearing on a preliminary injunction motion regarding the constitutionality of a Ohio State statute because county prosecutors were parties to the hearing and such prosecutors were officers of the state).

### Conclusion

For the above reasons, I find that Plaintiff's request to have the Court certify his constitutional challenge to N.M.R.A. 17-304 has no merit, either under § 2403(a) or § 2403(b).  I also note that a review of the Court docket in this case thus far indicates that Mr. Guttman's unfamiliarity with legal practice has already littered the docket with unnecessary and frivolous

pleadings self-styled as "notices," which may or may not be seeking the Court's ruling on an issue. For example, the same day he filed a "Notice of Peremptory Election to Excuse by Plaintiff" (Doc. 2), he also filed a "Notice of Cancellation of Peremptory Election to Excuse by Plaintiff," apparently realizing that there is no such right in federal court (Doc. 3). Docket entry 21 is another "Notice" in which Plaintiff appears to be requesting a telephonic conference, without any explanation of its purpose. Docket entry 22 ("Notice of Discovery Deadline") merely memorializes correspondence received from the other party.

While a certain leniency is shown *pro se* litigants, a plaintiff's *pro se* status does not excuse his failure to follow the fundamental rules of civil and appellate procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 513 U.S. 1090 (1995). Instead of taking liberties with his purported ignorance of court procedure in order to file unnecessary pleadings with the Court, I would strongly advise Mr. Guttman to take the time to review this Court's local rules, and perhaps pause to reflect whether something needs to be filed before doing so. The judges in the United States District for the District of New Mexico all carry heavy caseloads due to border related cases. I have neither the time nor the desire to waste time considering Plaintiff's utterly frivolous pleadings. Accordingly, Plaintiff is put on notice that future frivolous, useless or redundant filings may result in sanctions being imposed against Plaintiff.

**THEREFORE**,

**IT IS ORDERED** that  Plaintiff's Motion for Having the Court Notify the Department of Justice to Intervene (**Doc. 23**) is hereby DENIED the above-stated reasons .

_____
UNITED STATES DISTRICT JUDGE