# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                                    CIVIL NO. 04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion(s) for Relief from Judgment or Order per Rule 60(b) Reason (6) [sic], filed November 8, 2004 (**Doc. 42 and 45**).[1] Plaintiff seeks relief from what he describes as a "judgment on Removal Motion" in which the Court allegedly stated reasons why the Plaintiff's removal of a state case to federal court was wrongful. The "judgment" language Plaintiff alludes to is included in the Court's Order on Defendant Silverberg's Motion requesting the Court's abstention from ruling on this case based on pending state litigation:

> A cursory review of the removal complaint (Civ. No. 04-1188 JB/RHS) suggests wrongful removal; however, that determination will be left to the sound discretion of U.S. District Judge Browning, to whom the case is assigned.

---

[1] The identical motion was filed twice.

Doc. 38 at 2.

This motion seeks relief which Fed.R.Civ.P. 60 does not envision. First, the Court clearly not rule on the removal issue, since that matter was not before it. Second, the passing reference to Plaintiff's removal was in the context of the Court's ruling on *Defendant's* motion regarding abstention. Plaintiff thus has no basis from which to seek relief under Rule 60. Moreover, I find the instant motion a thinly-veiled ruse to seek recusal of the undersigned from this case, on which Plaintiff has filed a separate motion, and on which the Court has already ruled against him. See, Doc. 46.

I am inclined to agree with Defendant Silverberg, who suggested in his response that this may be an appropriate time to impose sanctions on Plaintiff for his continuing frivolous filings. Plaintiff has been warned previously by the Court that such filings may lead to sanctions if continued. See, Doc. 29 at 7 and Doc. 46 at 3-4. Were it not for the fact that Plaintiff actually filed this motion before the motion which resulted in the last warning, sanctions would be forthcoming. Suffice it to state that Plaintiff is hereby put on notice that the Court will respond to the next filing which it considers frivolous, with an imposition of sanctions. Also, in order to save Defendants from the burden of responding to motions that may not have any merit, Defendants need not respond to subsequent filings by Plaintiff until the Court first has an opportunity to review any such filings to determine whether any response is necessary. Defendants will receive notice if the Court requires a responsive pleading.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion(s) for Relief from Judgment or Order per Rule 60(b) Reason (6) [sic] **(Doc. 42 and 45)** is hereby DENIED;

**IT IS FURTHER ORDERED** that Defendants need not respond to subsequent filings by Plaintiff unless ordered to do so by the Court.

_____
UNITED STATES DISTRICT JUDGE