# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                                     CIVIL NO. 04-433 WPJ/WPL

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO ABSTAIN AND SUA SPONTE DISMISSING ONE DEFENDANT

THIS MATTER comes before the Court upon an Amended Motion by Defendant Herbert Silverberg for Order to Abstain from Entertaining Certain Claims, filed April 13, 2005 **(Doc. 62)**. Having considered the pleadings on the motion and reviewed the applicable law, the Court finds that the motion is not well-taken and will be denied.

### Background

Defendant Silverberg ("Silverberg") filed the same motion previously, on the basis that the federal case was duplicative of an ongoing state court case. The motion was denied without prejudice because the case had been removed to federal court. Doc. 38. The removed case has since been remanded to state court. See Civil 04-1188 JB/RHS, Docs. 18 & 20. Silverberg now renews his motion for the Court to abstain from entertaining claims against him and dismiss him

from this action because it imposes "duplicative litigation" on himself.

Plaintiff is a medical doctor who lost his license to practice medicine as a result of proceedings before the New Mexico Board of Medical Examiners. Plaintiff filed suit against Silverberg in state court, who is the only Defendant in that case, alleging negligence, misrepresentation, fraud and unfair trade practices, all based on Silverberg's legal representation of Plaintiff before the medical board. See Petition for Removal, at 1, filed October 19, 2004 (Civil No. 04-1188, Doc. 1).

In the instant case, Plaintiff is suing the Disciplinary Board of the State Bar of New Mexico ("Disciplinary Board") for violations of his First Amendment rights, on the grounds that the Disciplinary Board permitted Silverberg to continue to practice law in New Mexico despite a temporary suspension of his license and several complaints that had been filed against Silverberg prior to his representation of Plaintiff before the Board of Medical Examiners. Plaintiff asserts that the policy of confidentiality espoused by the Disciplinary Board of the State Bar of New Mexico ("Disciplinary Board") protects attorneys who have complaints filed against them from public scrutiny. He contends that the Disciplinary Board's confidentiality policy, as well as its failure to take action against Silverberg or disclose the complaints filed against him, has caused him irreparable harm and damages. Plaintiff, who is proceeding *pro se*, has also named Silverberg as a Defendant in the federal case.

**Discussion**

Silverberg moves for his dismissal from the federal action on grounds of the Colorado River abstention doctrine. In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Supreme Court established an "exceptional circumstances" test to guide

2

district courts in determining whether to stay or dismiss a federal court action in deference to ongoing state court proceedings. Before reaching the abstention issue, the district court must determine whether the state and federal proceedings are parallel. Suits are parallel "if substantially the same parties litigate substantially the same issues in different forums." Allen v. Bd. of Educ., Unified Sch. Distr., 436, 68 F.3d 401, 403 (10th Cir. 1995) (citation omitted). The court should "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings," resolving any doubt "in favor of exercising federal jurisdiction." Id. If the district court determines the cases are not parallel, it should proceed. If the cases are parallel, the court must decide whether to abstain.

I need not reach an abstention decision because the state court case is not a parallel proceeding. That case involves state tort and statutory claims against Silverberg, while the federal action targets the Disciplinary Board for First Amendment violations. Accordingly, Silverberg's motion will be denied. However, the Court questions why Silverberg was named as a Defendant in the instant federal action, since the allegations and legal theories set out in the Amended Complaint are asserted against the Disciplinary Board. Silverberg has not argued his dismissal on grounds other than the Colorado River abstention doctrine, and the Court will not pass on an issue not raised by a party. See Perry v. Woodward, 199 F.3d 1126, 1141 n. 13 (10th Cir.1999) (observing that this court "will not craft a party's arguments for him").

**THEREFORE**,

**IT IS ORDERED** the Amended Motion by Defendant Herbert Silverberg for Order to Abstain from Entertaining Certain Claims **(Doc. 62)** is hereby DENIED;

**IT IS FURTHER ORDERED** that Silverberg's duplicate motion, "Motion for Order to

Abstain from Entertaining Certain Claims," also filed April 13, 2005 (**Doc. 60**) is hereby

DENIED.

_____
UNITED STATES DISTRICT JUDGE