IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                                      CIVIL NO. 04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

### MEMORANDUM OPINION AND ORDER
### DISMISSING DEFENDANT SILVERBERG

THIS MATTER comes before the Court upon Defendant Silverberg's Motion to Dismiss for Failure to State a Claim, filed June 14, 2005 **(Doc. 88)**. Plaintiff is a medical doctor who lost his license to practice medicine as a result of proceedings before the New Mexico Board of Medical Examiners. Defendant Silverberg ("Silverberg") represented Plaintiff in those proceedings and moves the Court for dismissal of Plaintiff's claims against him.

Plaintiff is proceeding *pro se*. In this federal action, he is suing the Disciplinary Board of the State Bar of New Mexico ("State Defendants" or "Disciplinary Board") for violations of his First Amendment rights, on the grounds that the Disciplinary Board permitted Silverberg to continue to practice law in New Mexico despite a temporary suspension of his license and several complaints that had been filed against Silverberg prior to his representation of Plaintiff before the

Board of Medical Examiners.

Plaintiff has included Silverberg as a Defendant in this case.  He has also filed suit against Silverberg as a sole Defendant in state court, alleging negligence, misrepresentation, fraud and unfair trade practices, all based on Silverberg's legal representation of Plaintiff before the medical board.   That case was removed to federal court and ultimately remanded back to state court. See, Civil No. 04-1188, Docs. 1 & 21).

In considering a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court considers the complaint as a whole, accepts all well-pled factual allegations as true, and views allegations and reasonable inferences in a light most favorable to the non-moving party.  Sutton v. Utah State School for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).   Dismissal under Rule 12(b)(6) should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id.

Plaintiff contends that Silverberg should not be able to argue his dismissal after it has already been denied.  However, the Court has previously denied Silverberg's motion to dismiss based on abstention doctrines, Docs. 38 & 77, not on the grounds of failure to state a claim. Although the Court declined to address arguments not raised by counsel, the Court nevertheless recognized there was a possible issue regarding Silverberg's presence in the federal suit.[1]

All of the factual allegations in the Amended Complaint concern the policy of confidentiality espoused by the Disciplinary Board and injury alleged as a result of this policy. References in the Amended Complaint to Defendant Silverberg's lack of preparation of

---

[1] See, Doc. 77 at 3: "However, the Court questions why Silverberg was named as a Defendant in the instant federal action, since the allegations and legal theories set out in the Amended Complaint are asserted against the Disciplinary Board."

2

suspension of license to practice law are alleged in the context of information which was either not disclosed by the Disciplinary Board, or alleged as examples of conduct upon which the Disciplinary Board allegedly should have acted.  The claims for relief are framed as First Amendment or injunctive relief, again based on the factual allegations pertaining to the confidentiality policy.  I find that it would be futile to afford Plaintiff another opportunity to amend the complaint, since there would be no set of facts which would connect Defendant Silverberg with either the establishment or implementation of the confidentiality policy used by the Disciplinary Board. See, Perkins v. Kansas Dept of Corrections, et al, 175 F.3d 803, 806 (10th Cir. 1999) (dismissal of pro se complaint for failure to state a claim is proper where it would be futile to give him an opportunity to amend).

For the above reasons, the Court finds that the Amended Complaint does not support a claim against Defendant Silverberg, that it would be futile to allow Plaintiff to amend the Complaint, and therefore that Defendant Silverberg's Motion to Dismiss for Failure to State a Claim **(Doc. 88)** is hereby GRANTED.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE