## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                          CIVIL NO. 04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS DUE TO LACK OF COMPLIANCE WITH DEADLINE

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment Due to Lack of Compliance with Appointed Deadline, filed July 13, 2005 **(Doc. 107)**.  Plaintiff is a medical doctor who lost his license to practice medicine as a result of proceedings before the New Mexico Board of Medical Examiners.  He is suing the Disciplinary Board of the State Bar of New Mexico ("Disciplinary Board") for violations of his First Amendment rights, on the grounds that the Disciplinary Board permitted Herbert Silverberg, named as a Defendant in this action, to continue to practice law in New Mexico despite a temporary suspension of his license and several complaints that had been filed against Silverberg prior to his representation of Plaintiff before the Board of Medical Examiners.

At 7:18 p.m. on July 10, 2005, the "State Defendants" (all Defendants except Defendant

Silverberg) filed a motion for summary judgment by electronic submission (Doc. 105, see "Document Verification").  Plaintiff moves for "dismissal" of the motion based on untimeliness according to an amended scheduling order which extended the deadline for the motion until July 8, 2005 (Doc. 102).  Plaintiff has obviously neglected to peruse this district's local rules regarding electronic filing.  D.N.M.LR-Civ.5.5(a) provides that one may timely file a pleading by using electronic filing up until 8 a.m. on the following business day (day 2) after the scheduled due date of the pleading (day 1).  Under this rule, the filing is recorded as of the date and time of actual filing, but is nevertheless considered to have been filed on day 1.  Thus, Defendants' electronic filing of the summary judgment motion on July 10, 2005 is considered filed as of July 8, 2005 and is timely.

In addition, Plaintiff contends that because an affidavit filed as an exhibit to the motion for summary judgment did not have a signature, but the copy he later received from Defendants did have a signature, Defendants deceived the Court.  The Court again refers Plaintiff to the local rules, this time D.N.M. LR-Civ. 5.5(b), as relevant authority.  Under this provision, "affidavits and other documents requiring an original verified signature may be filed electronically" but the original signed paper "will be kept and will be produced on request or at the direction of the Court."  Plaintiff is well advised to read the local rules in the future instead of rushing to file unnecessary motions.

    **THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Defendant's Motion for Summary Judgment Due to Lack of Compliance with Appointed Deadline **(Doc. 107)** is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE