# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                                    CIVIL NO. 04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT

THIS MATTER comes before the Court upon a Motion for Summary Judgment filed by Disciplinary Board, Patricia Madrid, Virginia L. Ferrara, and Joel Widmon on July 10, 2005 ("State Defendants" or "Defendants" for purposes of this motion) **(Doc. 105)**, and Plaintiff's Motion for Summary Judgment, filed July 29, 2005 **(Doc. 111)**. Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and will be granted.

### Background

Plaintiff is proceeding *pro se* in this action. Sometime in late 2000 or early 2001, Stuart Guttman lost his license to practice medicine as a result of proceedings before the New Mexico Board of Medical Examiners. Defendant Silverberg represented Plaintiff in those proceedings. Plaintiff contends that the State Defendants violated his First Amendment rights because they

permitted Mr. Silverberg to continue to practice law in New Mexico despite a temporary suspension of his license and several complaints that had been filed against him prior to his representation of Mr. Guttman before the Board of Medical Examiners.[1] Plaintiff asserts that the confidentiality policy espoused by the Disciplinary Board of the State Bar of New Mexico ("Disciplinary Board") protects attorneys who have complaints filed against them from public scrutiny. He contends that the Disciplinary Board's confidentiality policy, as well as its failure to take action against Silverberg or disclose the complaints filed against him, has caused him irreparable harm and damages. Plaintiff seeks monetary and injunctive relief.

## Discussion

Plaintiff's claims take aim at Rule 17-304 of the New Mexico Rules, which covers the confidentiality of investigations and hearings conducted by the Disciplinary Board. For purposes of this motion, the Court refers to the copy of the rule which Defendants have attached to their Exhibit A. Defendants advance four theories as a basis for dismissal, all of which have merit. Since some of the theories would result in only partial dismissal, the Court addresses all of Defendants' arguments.

Legal Standard

Summary judgment is appropriate when there is no material factual dispute that a factfinder could reasonably resolve in favor of either party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), cited in Exum vs. United States Olympic Committee, 389 F.3d 1130, 1135 (10th Cir. 2004)

---

[1] Plaintiff has also filed suit against Silverberg as a sole Defendant in state court, alleging negligence, misrepresentation, fraud and unfair trade practices, all based on Silverberg's legal representation of Plaintiff before the medical board. That case was removed to federal court and ultimately remanded back to state court. See, Civil No. 04-1188, Docs. 1 & 21).

I agree with Defendants that in his response to Defendants' summary judgment motion, Plaintiff has failed to properly and specifically rebut Defendants' statement of undisputed facts, according to the requirements of Fed.R.Civ.P. 56(e).  While Plaintiff is afforded some leeway virtue of his *pro se* status, this less stringent standard does not apply to the Plaintiff's obligation to follow this Court's procedural rules, which are readily available to Plaintiff.  See, U.S. v. Distefano, 279 F.3d 1241, 1245 (10th Cir. 2002) ("In general, litigants proceeding pro se are held to the same procedural standards as those with counsel").  Plaintiff has presented no reason to lift that obligation.  He is a medical doctor whose litigation history should provide some familiarity with the procedural requirements of litigating a case in federal court.  Thus, Plaintiff can fairly be deemed to have admitted Defendants' statement of facts, thereby confirming that no genuine issue of material fact exist and that Defendants are entitled to summary judgment.  The Court turns to the issues in order to determine whether the Court should "accept as true all material facts asserted and properly supported in the summary judgment motion."  Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (in context of plaintiff's failure to file timely response to summary judgment motion).

**I.      Eleventh Amendment**

Defendants first argue that the entire case is barred by the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment to the United States Constitution bars suits in federal courts for damages against states, state agencies, and state officials in their official capacities unless the state unequivocally waives its immunity or Congress expressly abrogates the immunity by creating a statutory cause of action. See Kimel v. Florida Board of Regents, 528 U.S. 62, 73 (2000).  However, Plaintiff is suing Defendants Widman, Ferrara and Madrid in their

official as well as individual capacities. Thus, the Eleventh Amendment bar applies only to dismissal of the State Defendants in their official capacities. Kentucky v. Graham, 473 U.S. 159, 165 (1985) (action filed against a state official in official capacity is simply "another way of pleading an action against an entity of which an officer is an agent" (quoting Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690 n.55 (1978)). Further, Plaintiff requests injunctive relief, although the exact nature of the requested relief is unclear.[2] Defendants would not be immune from claims for prospective injunctive relief. See, e.g., Kentucky, 473 U.S. at 167 n. 14) (defendant sued in official capacity as Attorney General was not entitled to Eleventh Amendment immunity from claims for prospective injunctive relief).[3]

Thus, this argument proposed by Defendant effectively dismisses claims against the State Defendants with regard to their official capacity, and with regard to Plaintiff's claims for monetary damages.

## II.    Naming of Improper Party

Defendants contend that Plaintiff has mistakenly included Defendant Madrid, the Attorney General of the State of New Mexico, as a named Defendant in this case. To succeed on a complaint brought pursuant to 42 U.S.C. § 1983 under which Plaintiff brings his First Amendment claim, Plaintiff must allege some personal involvement by each Defendant in the constitutional

---

[2] Count III of the Amended Complaint, "Application for Injunctive Relief," does not specify the nature of the injunctive relief requested. However, because Plaintiff is proceeding *pro se*, the Court construes his somewhat inartful pleading liberally. See Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir. 1994).

[3] It is undisputed that the Disciplinary Board is a creation of the Supreme Court of the State of New Mexico, serves as an agent of the Court and as such is a New Mexico entity. Defts' Undisp. Mat'l Fact No. 5.

4

violation.  Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir. 1988).

Plaintiff's allegations are specifically directed to the creation and implementation of the policy utilized by the Disciplinary Board not to disclose or publicize complaints against an attorney to the general public.  It is undisputed that Defendant Madrid is not a member of the Disciplinary Board, and does not enforce the Disciplinary Rules of the Supreme Court of the State of New Mexico.  Plaintiff has failed to show any connection between Defendant Madrid's conduct and the alleged First Amendment violation.  Thus, Plaintiff's claims against Defendant Madrid in both her individual and official capacities will be dismissed.

### III.    New Mexico Tort Claims Act

Defendants move for dismissal of Plaintiff's claims under the Act even though Plaintiff does not specifically allege a claim under the New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-1 to § 41-4-27 (the "Act," or "Tort Claims Act").  Because of Plaintiff's *pro se* status, the Court will construe his claims under this theory as well.   Defendants argue that immunity has not been waived under the Act for the alleged conduct, and also that even if Defendants were not immune, Plaintiff has not complied with the necessary notice required to permit such claims.

A.    Waiver of Immunity

The Tort Claims Act provides governmental entities and public employees with immunity from tort suits unless there is a specific waiver of that immunity set forth under the Act. Weinstein v. City of Santa Fe, 121 N. M. 646, 649 (1996).  These waivers apply to torts of employees who are acting within the "scope of duties" which is defined as those duties which "a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M.S.A. § 41-4-3(G); Quezada v. County of

5

Bernalillo, 944 F.2d 710, 720 (10th Cir. 1991) (citation omitted).  The court must strictly construe any provision purporting to waive governmental immunity.  Armijo v. Department of Health & Environment, 108 N. M. 616, 618 (Ct. App. 1989).

Plaintiff does not allege or suggest in any of his pleadings, or in his discovery responses which are attached as exhibits to the State Defendants' motion, that Defendants were not acting within the scope of their duties.  Rather, he concedes that Defendants were acting in accordance with Rule 17-304's directive, and takes issue with the validity or constitutionality of the rule itself.   Therefore, a suit against any of the State Defendants requires that the alleged conduct fall under a waiver of immunity under the Tort Claims Act.   However, Plaintiff does not refer to any specific provision in the Act that would allow suit to be brought against Defendants.  Nor does he allege claims or set forth any facts that would arguably fall within a waiver of immunity.

B.   Notice under the Tort Claims Act

Alternatively, Defendants contend that even if Plaintiff properly alleged a viable claim for which immunity was waived under the Tort Claims Act, he has failed to satisfy the pre-requisites for filing a tort claim against state actors.   The Act requires timely written notice to the public entity being sued within 90 days of the occurrence giving rise to the claim for which immunity has been waived under the Tort Claims Act.  § 41-4-16(A).  It is undisputed that Plaintiff did not provide notice of his intention to file a tort claim to the proper public entity (which would be in this case, as Defendants note, the risk management division of the state of New Mexico).  See, City of Las Cruces v. Garcia, 102 N.M. 25 (1984) (failure to comply with the notice provisions of the Act was fatal to the complaint against Defendant).

C.  Statute of Limitations

As a final basis for dismissal of any claims brought by Plaintiffs against Defendants under the Tort Claims Act, Defendants contend that Plaintiff is further barred by the two-year applicable statute of limitations under the Act. See, N.M.S.A. § 41-4-15(A).  The underlying events occurred "[o]n or about March, 2000 through December, 2000, which is more than three years prior to the filing of the lawsuit on April 20, 2004.  Amended Complaint, ¶ 7.

In sum, Plaintiff's allegations construed as claims under the Tort Claims Act fail because (1) the Court lacks jurisdiction in the absence of a waiver of immunity by the Act; (2) Plaintiff has failed to comply with necessary notice required to permit these claims to go forward; and (3) Plaintiff is barred by the statute of limitations under the Act.

## IV.  Constitutionality of Rule 17-304

This last of Defendants' arguments goes to the heart of Plaintiff's claims.  Sometime in the mid to latter part of 2000, Plaintiff asked for information on all complaints which had been filed regarding Defendant Silverberg.  The Disciplinary Board responded to the request by informing Plaintiff that with the exception of formal disciplinary measures, all filed complaints were kept confidential pursuant to Rule 17-304.  Plaintiff essentially challenges the constitutionality of NMRA, Rule 17-304, contending that the rule itself, as well as the individual Defendants' compliance with the rule, restricts his right to free speech guaranteed under the First Amendment. However, Plaintiff offers no dispute of fact or viable arguments to rebut Defendants' arguments which I find are supported by the appropriate authority.

Rule 17-304 is one of a set of Rules Governing Discipline which were promulgated by the New Mexico Supreme Court applicable to the admission, conduct, discipline and procedures

7

governing the practice of law in New Mexico.  The New Mexico Supreme Court has inherent constitutional power to define and regulate the practice of law, and thereby to promulgate these rules. State Bar v. Guardian Abstract & Title Co., Inc., 91 N.M. 434, 439 (N.M. 1978) (citations omitted).

Plaintiff's contentions, as liberally construed from the allegations in the Amended Complaint, can be addressed on two levels: (1) that Rule 17-304's confidentiality requirement violates his right to free speech; and (2) that the Disciplinary Board's failure to publicize complaints filed against Mr. Silverberg has "irreparably harmed" him and caused him to suffer damages.  Amended Complaint, ¶ 24.

As Defendants note, the confidentiality provisions of Rule 17-304 apply to disciplinary counsel and the Disciplinary Board, not to Plaintiff.  See Rule 17-105(C) (imposing duty of confidentiality on disciplinary counsel).  In Fernandez-Wells v. Beauvais, 127 N.M. 487 (N.M.App. 1999), which is cited by Defendants, the court noted that Rule 17-304 does not state who must keep confidential those investigations and hearings conducted by or under the direction of disciplinary counsel.  In that case, the complainant learned that an informal admonition had been given to the attorney-respondent on the basis of his complaint, and reported the admonition to the office of the Secretary of State along with another complaint he had filed.  The respondent sued for invasion of privacy among other tort theories. The court concluded that short of the existence of a confidential relationship between complainant and the investigated attorney (or any other relationship which might give rise to an independent duty not to disclose), Rule 17-304 does not prevent disclosure by third parties.  Such disclosure would not be actionable as a public disclosure of private facts and was otherwise insufficient to support a claim in tort.  Id., 127 N.M. at 491.

8

Plaintiff's reliance on a Tennessee state court case, Doe v. Doe, 127 S.W.3d 728 (2004), is misplaced. That case involved a Tennessee disciplinary rule which, as Defendants note, is unlike ours in that it imposed confidentiality on all parties. The rule was found to be too expansive and therefore violative of First Amendment standards, and a new rule was adopted. Plaintiff is not, and never was, similarly restricted, even though he apparently believes he was. Thus, Defendants did not violate Plaintiff's right to free speech with regard to complaints Plaintiff made against Mr. Silverberg. Any restriction on Plaintiff's speech regarding these complaints was self-imposed. Because Plaintiff's non-disclosure of complaints did not occur as a result of Defendants' conduct, Plaintiff's First Amendment claim based on this theory fails.

The other level at which Plaintiff's allegation can be read is a challenge to the constitutionality of Rule 17-304. The rule's confidentiality requirements applies only to complaints and investigations, subject to certain exceptions which allow disclosure. NMRA, Rule 17-105(C) (duty to keep "*all* complaints and other disciplinary matters confidential) (emphasis added). Disbarments, definite and indefinite suspensions and public censures are published in the New Mexico Reports and the state Bar Bulletin. Formal reprimands by the Disciplinary Board are published in the Bar Bulletin. NMRA, Rule 17-206.

Because the confidentiality afforded complaints applies to "all" complaints, the restriction against disclosure is not based on content. See, PeTA et al v. Rasmussen et al, 298 F.3d 1198 (10th Cir. 2002)[4] Content-neutral restrictions are permissible "if they are narrowly drawn to

---

[4] Content-neutral restrictions are subject to a lesser degree of scrutiny than content-based restrictions. Mesa v. White, 197 F.3d 1041, 1045 (10th Cir.1999) (citing Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983)). Plaintiff refers to the restriction imposed by the confidentiality and publication policy in the rule as "content-based." See, Ex. B, Pltff's Answers to Interrog. No. 10. However, this is legally incorrect. Plaintiff misapprehends the way courts determine whether speech is content-based or content-neutral. Since the policy of non-publication and confidentiality applies to *all* complaints filed, and not certain types of complaints,

9

achieve a significant governmental interest and if they allow communication through other channels." Mesa v. White, 197 F.3d 1041, 1045 (10th Cir.1999) (citing Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983)).

Plaintiff concedes that he was provided information about public disciplinary measures that were taken. Ex. B, Pltff's Ans. to Interrog. No. 15. As previously mentioned, the publication restriction applies only to complaints and investigations -- formal reprimands, disbarments, definite and indefinite suspensions and public censures are published. Further, the restriction is subject to numerous exceptions within Rule 17-304(A)(1), (2), and (B). As such, the rule is not overly restrictive, and is narrowly drawn to meet the significant government interest in protecting the due process rights of individuals against whom complaints have been lodged before a determination is made. At the same time, the restrictions allow the release of pertinent information to the public.[5]

**V.      Plaintiff's Motion for Summary Judgment**

Plaintiff has filed his own motion for summary judgment, and seeks relief in the amount of five million dollars. In addition to this motion being untimely filed,[6] the Court finds that it has no merit. Thus, Plaintiff's summary judgment motion will be denied.

---

the restriction is neutral as to content.

[5] Plaintiff cites to First Amendment cases involving restriction of speech. For example, R.A.V. v. City of St. Paul, Minn., 505 U.S. 377 (1992) involved a constitutional challenge to a city ordinance. In Boos v. Barry, 485 U.S. 312 (D.C. 1988), the plaintiff challenged the constitutionality of a District of Columbia provision prohibiting display of signs bringing foreign government into disrepute within a certain area. These cases have nothing to do with disciplinary rules, and are of little relevance to Plaintiff's claims, nor do they aid in the Court's analysis of the issues.

[6] The Amended Scheduling Order extended *only* the deadline for the State Defendants to file a summary judgment motion. See, Doc. 104. The deadline for all other dispositive motions, including Plaintiff's summary judgment motion, was February 10, 2005. See, Doc. 39 (Initial Pretrial Report).

**Conclusion**

In sum:

(1)  Defendants' motion based on Eleventh Amendment immunity succeeds only with regard to those claims for monetary damages against the State Defendants in their official capacity, and only with regard to Plaintiff's claims for monetary damages;

(2) Defendant Madrid will be dismissed from this action because there are no allegations which suggest a connection between Defendant Madrid's conduct and Plaintiff's alleged injuries;

(3) Any of Plaintiff's claims which could be construed as brought under the New Mexico Tort Claims Act will be dismissed because (a) the Court lacks jurisdiction in the absence of a waiver of immunity by the Act; (b) Plaintiff has failed to comply with necessary notice required to permit these claims to go forward; and (c) Plaintiff is barred by the statute of limitations under the Act;

(4) Defendants' last argument provides a basis for dismissal of all of Plaintiff's claims against all State Defendants.  Plaintiff fails to demonstrate conduct by any of the State Defendants which violates his First Amendment rights.  In addition, Plaintiff has failed to demonstrate how the confidentiality provisions within NMRA 17-304 violate the First Amendment.

(5) Plaintiff's motion for summary judgment is denied.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (**Doc. 111**) is hereby DENIED;

**IT IS FURTHER ORDERED** that the State Defendants' Motion for Summary Judgment (**Doc. 105**) is hereby GRANTED for reasons described above, thereby DISMISSING all of Plaintiff's claims against all Defendants in their entirety.

A Judgment in accordance with this Memorandum Opinion and Order shall issue.

_____
UNITED STATES DISTRICT JUDGE