# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                    CIVIL NO. 04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

## MEMORANDUM OPINION AND PROPOSED ORDER ENJOINING PLAINTIFF FROM FILING FRIVOLOUS LAWSUITS

THIS MATTER comes before the Court upon Defendant Silverberg's Motion to Have Plaintiff Guttman Deemed a "Frequent Filer" and to Have Relief Entered Accordingly, filed June 14, 2005 **(Doc. 85)**. Defendant seeks an Order from the Court imposing restrictions on the filing of future lawsuits by Plaintiff, on the grounds that Plaintiff's multiple filings are burdensome on the Court and the Defendants whom he sues. Defendant requests alternative types of relief: that Plaintiff not be allowed to file any further lawsuits either without prior leave of Court or unless represented by counsel; or else that Plaintiff be allowed to freely file but that Defendant need not respond to any further pleadings or lawsuits without further direction by the Court.

Defendant Silverberg represented Plaintiff in January of 2000 at a hearing before the New

Mexico Board of Medical Examiners. Plaintiff lost his license to practice medicine as a result of that proceeding. In this lawsuit, filed on April 20, 2004, Plaintiff is suing both Defendant Silverberg and other named Defendants for violations of his First Amendment rights, on the grounds that the Disciplinary Board permitted Silverberg to continue to practice law in New Mexico despite a temporary suspension of his license and several complaints that had been filed against Silverberg prior to his representation of Plaintiff before the Board of Medical Examiners. The Court recently disposed of Plaintiff's claims against all Defendants (Doc.132).

**I.    The Instant Lawsuit**

Plaintiff's conduct in this lawsuit gives some indication of the need for some measures to be taken to curb Plaintiff's abuse of the judicial system. Plaintiff has been warned more than once regarding his numerous frivolous filings in this case:

> Mr. Guttman's unfamiliarity with legal practice has already littered the docket with unnecessary and frivolous pleadings self-styled as "notices," which may or may not be seeking the Court's ruling on an issue. . . . Instead of taking liberties with his purported ignorance of court procedure in order to file unnecessary pleadings with the Court, I would strongly advise Mr. Guttman to take the time to review this Court's local rules, and perhaps pause to reflect whether something needs to be filed before doing so.

Doc. 29 at 6-7 (Order Denying Motion for Leave to Intervene, filed Jul. 26, 2004).

The warning was repeated several months later when the Court noted that "Plaintiff's filings are perilously approaching the frivolous mark." Doc. 46 at 2 (Order Denying Motion to Disqualify Judge Johnson, filed Nov. 15, 2004). This last motion by Plaintiff was an attempt to recuse the undersigned from this case. Plaintiff appealed the Court's denial of this motion. The appeal was dismissed for lack of jurisdiction since no final judgment has been entered in this case (Doc. 55).

On November 23, 2004, the Court denied Plaintiff's "Motion(s) for Relief from Judgment or Order per rule 60(b) Reason 6 [sic]" as an inappropriate use of Rule 60(b) to resubmit an issue on which the Court had previously ruled.[1]  The Court again cautioned Plaintiff strongly:

> I am inclined to agree with Defendant Silverberg, who suggested in his response that this may be an appropriate time to impose sanctions on Plaintiff for his continuing frivolous filings. Plaintiff has been warned previously by the Court that such filings may lead to sanctions if continued. See, Doc. 29 at 7 and Doc. 46 at 3. Were it not for the fact that Plaintiff actually filed this motion before the motion which resulted in the last warning, sanctions would be forthcoming. Suffice it to state that Plaintiff is hereby put on notice that the Court will respond to the next filing which it considers frivolous, with an imposition of sanctions. Also, in order to save Defendants from the burden of responding to motions that may not have any merit, Defendants need not respond to subsequent filings by Plaintiff until the Court first has an opportunity to review any such filings to determine whether any response is necessary.

Doc. 50 at 2 (Memorandum Opinion & Order Denying Plaintiff's Motion for Relief from Judgment, filed November 23, 2004).

Despite the Court's warnings, Plaintiff continues to inundate the Court with a constant barrage of unnecessary and frivolous filings.  For the most part, these pleadings constitute knee-jerk responses to the Court's rulings on issues which the Court previously addressed.  See, e.g.:

! Docs. 94 & 95 (Response by Plaintiff to Order Denying Sanctions against Defendant Silverberg and Suggesting Sanctions against Guttman);
! Doc. 96 (Response by Plaintiff to Denial of Order re: Setting Discovery Deadlines);[2]

---

[1] In a previous Order, the Court made a passing reference regarding a state court case which *Plaintiff* removed to federal court:
> A cursory review of the removal complaint (Civ. No. 04-1188 JB/RHS) suggests wrongful removal; however, that determination will be left to the sound discretion of U.S. District Judge Browning, to whom the case is assigned.

Doc. 50 at 1. Plaintiff characterized his motion as attempt to seek relief from a "judgment in a Removal Motion" where there had been no ruling on the issue -- much less a judgment -- and where the Court had expressly stated that it would refrain from doing so.

[2] The Court had already denied a previous motion by Plaintiff for sanctions on the same basis.  See, Doc. 90.

3

- Docs. 93 & 95 (two filings presenting same arguments on same issue);
- Doc. 79 (Response [sic] by Plaintiff to Order Denying Plaintiff's Motion to Compel Discovery, Request for Sanctions);
- Doc. 117 (Motion for 60(b)(3) in Reference to Motion for Summary Judgment and Errata [sic] Involving Such an Application to Patricia J. Turner, raising matter of "blank affidavit" already raised by Plaintiff in previous pleadings);
- Doc. 120 (Motion by Plaintiff for Order for Nunc Pro Tunc);[3]
- Doc. 121 (Motion by Plaintiff to Strike Defendant's Errata, raising matter of "blank affidavit" raised in other pleadings, including Doc. 117);
- Doc. 124 (Motion by Plaintiff for Reconsideration of Order Denying Motion for Dismissal, having nothing at all to do with an Order denying dismissal but which again discusses affidavits, notarization, and electronic filing);
- Doc. 125 (Motion by Plaintiff for Order in Violation of 28:1746 in Reference to the Submission of Affidavits and Other Sworn Documents, raising more of the same issues).

## II.   Other Federal Lawsuits Filed by Plaintiff

The instant lawsuit is the only one filed by Plaintiff which is pending. Plaintiff has filed other cases, all of which concern the underlying matter of the loss of his medical license. Based on a review of these other cases, I am inclined to consider measures to limit Plaintiff's unfettered opportunities to further abuse this Court's resources, as well as the time and financial resources of defendants whom Plaintiff decides to sue.

On February 24, 2002, Plaintiff filed a lawsuit (Guttman v. State of New Mexico, Civil No. 02-216 LCS/JHG) against the hearing officers of the New Mexico Board of Medical Examiners, asserting violations of procedural due process and the Americans with Disabilities Act, 42 U.S.C. § 12101-12113. The case was voluntarily dismissed without prejudice by Plaintiff under Fed.R.Civ.P. 41(a).

On April 17, 2003, Plaintiff filed suit in federal court (Guttman v. Khalsa, Civil No. 03-

---

[3] This recently filed motion appears to be an objection to the Magistrate Judge's extension of discovery deadlines, objections which Plaintiff has raised -- and on which the Court has ruled -- more than once. Moreover, the motion reiterates the same concerns (over "blank" affidavits) which Plaintiff raises in Doc. 121.

463 LCS/KBM) which reinstated claims brought in the previous lawsuit. Summary judgment was entered for Defendants on jurisdictional grounds, including the Eleventh Amendment and Rooker-Feldman doctrines, and the case was dismissed. Doc. 18. [4] On Plaintiff's appeal, the Court of Appeals for the Tenth Circuit affirmed the Court's dismissal of the case.

Plaintiff filed another lawsuit on October 19, 2004 when he removed a state court case to federal court (Guttman v. Silverberg, Civil No. 04-1188 JB/WDS). In this action, Plaintiff asserted claims of unfair trade practices and fraud against Defendant Silverberg. The case was short-lived, and remanded on the basis of procedurally defective removal.

Plaintiff filed a similar lawsuit on March 31, 2005 (Guttman v. Silverberg, Civil No. 05cv360 JP/LFG), subsequent to the instant lawsuit, suing Defendant Silverberg and a state court judge, the Honorable William F. Lang. Plaintiff asserted claims of unfair trade practices against Silverberg, and bias against Judge Lang under 42 U.S.C. §1983.[5] The Court dismissed the case

---

[4] Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to hear claims that are either (1) actually decided by a state court, Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), or (2) "inextricably intertwined" with a prior state court judgment, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983).

[5] A description of some of Plaintiff's claims in that case gives some idea of the kinds of allegations and arguments the Court, as well as opposing counsel, has had to deal with. Plaintiff's assertions of bias against Judge Lang was based on a ruling favorable to Defendant Silverberg on a motion for contempt filed by Plaintiff against Silverberg. Silverberg had claimed that a cardiac condition resulted in delays in defending the lawsuit. Plaintiff contended that Silverberg was using this as a "tactical advantage." Silverberg delivered a copy of his EKG to Judge Lang, but refused to give one to Plaintiff. Plaintiff argued that Silverberg would not have been sent home by the hospital if he indeed had an acute heart attack, and that based on his expertise as a

> "double Board certified physician in Critical Care, an inferior wall Myocardial infarction involves the right Coronary artery not the venous system as the Defendant claimed. . . Per the Motion for an unsealed E.K.G. Plaintiff noted he's double Board certified with knowledge of EKG interpretation, and wanted to use this knowledge in order to evaluate the veracity of the Defendant's claim."

Civil No. 05-360, Complaint, "Issue of Bias. . ." ¶¶4-14. Judge Lang denied Plaintiff's motion to

5

because Judge Lang was entitled to judicial immunity, and because Defendant Silverberg was not a state actor under § 1983.  See, Civil No. 05-360, Docs. 42 and 43.

Plaintiff contends that none of his cases were frivolous.  The bulk of Plaintiff's response are *ad hominem* attacks on Defendant Silverberg which have no relevance at all to the litigated issues in this case.  See, e.g., Response at 3 ("The enclosed . . . will show that Silverberg actually utilized bounced **checks** in paying this lady who then formulated complaints against him to the disciplinary bar") (emphasis in the original); Response at 7 (accusing Silverberg of "fraud" and "nefarious conduct" -- "thus, I suggest that Silverberg look to his own **nefarious conduct** before castigating others" (emphasis in the original)).  These examples are characteristic of Plaintiff's pleading style, which the Court finds to be wasteful, pointless and abusive.

### III.   Whether Filing Restrictions are Appropriate

The "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Winslow. v Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (citing Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989)).  The Court of Appeals for the Tenth Circuit has repeatedly recognized the power of federal courts, under 28 U.S.C. § 1651(a), to prevent a litigant from filing meritless, vexatious lawsuits where a pattern of filing such lawsuits unduly burdens the judicial system. Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994); Olsen v. Coleman,

---

unseal Silverberg's EKG records, and denied Plaintiff's motion to recuse himself from hearing the case.  Complaint, ¶¶ 18 & 21.  This ruling is the basis for Plaintiff's §1983 claim against Judge Lang.

997 F.2d 726, 729 (10th Cir. 1993); Tripati, 878 F.2d at 352.[6]  However, this power is to be used sparingly, and litigiousness alone will not support its invocation.  Id., 878 F.2d at 353. Nevertheless, the United States Supreme has recognized that

> The goal of fairly dispensing justice. . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitions have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations--filing fees and attorney's fees--that deter other litigants from filing frivolous petitions.

In re Sindram, 498 U.S. 177 (1991), cited in Winslow v. Romer, 759 F.Supp. 670, 677-78 (D.Colo. 1991).

As described above in this Memorandum Opinion and Proposed Order, Plaintiff appears to use the judicial system to recycle his grudges against the same Defendants by filing frivolous and vexatious lawsuits, and in doing so weighs down the docket of this Court which is already burdened with a chronic overload of southwest border cases.  This abuse appears likely to continue without the Court's intervention.  In the instant lawsuit alone, Plaintiff has repeatedly ignored this Court's numerous warnings regarding frivolous filings.

Given Plaintiff's past filing history, and litigation conduct amply demonstrated in this present case, an injunction restricting Plaintiff's future filing activities may be appropriate in order to curb the flow of repetitive, meritless claims or spin-offs of these claims.  In fashioning a suitable injunction, the Court acknowledges that orders restraining the filing of litigation must be narrowly tailored.  Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986); Winslow, 759 F.Supp. at 678 (examples of narrowly tailored restrictions on filings).

---

[6] Other circuits also recognize the necessity of such restrictions. See Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir.1986), cert. denied, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); Sires v. Gabriel, 748 F.2d 49 (1st Cir.1984).

## IV.     Proposed Injunction

Accordingly, the Court proposes to enjoin Stuart T. Guttman from filing any new lawsuits in the United States District Court for the District of New Mexico unless this litigant complies with the following preconditions:

1.      Stuart T. Guttman, whether filing individually or jointly, must be represented by licensed counsel of record who certifies that, based on the attorney's review of the complaint, it states a cause of action and meets the pleading requirements of Fed.R..Civ.P.8 and factual predicate requirements of Fed.R.Civ.P.11.  Thus, if Plaintiff is represented by counsel who makes this required certification, the proposed complaint will be received and filed.  Alternatively, if Stuart T. Guttman seeks to proceed as a *pro se* litigant, he must comply with the following:

>       a.      Stuart T. Guttman must demonstrate, by separate affidavit to the Court, which must accompany the proposed complaint, that the action is commenced in good faith and is not malicious or "without arguable merit."  Tripati, 878 F.2d at 353; In re Green, 669 F.2d 779, 787 (D.C.Cir. 1981).
>
>       b.      The proposed complaint must be certified as provided by Fed.R.Civ.P.11.
>
>       c.      The proposed complaint must include a list of every previous action which he filed, either individually or jointly, in federal or state courts, and must provide the names of all parties in such actions, as well as the docket numbers.  The proposed complaint must disclose the status prior lawsuits, the outcome and

any appeals and their outcome.

d.   Stuart T. Guttman must provide a list apprising the Court of all outstanding injunctions or orders limiting his or their access to state or federal courts, including orders and injunctions requiring petitioner to seek leave to file matters *pro se* or requiring that he be represented by an attorney. A copy of each order or injunction must be submitted with each proposed complaint.

e.   A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues the litigant or litigants (if filing jointly) seek to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented. The affidavit must disclose whether the same or similar claims were asserted in any prior action filed by him or them, and must disclose the status of that prior action, as well as provide the style of the case, the docket number and the name of the court where the prior action was filed. The affidavit must certify that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

2.   Upon receipt of the proposed complaint and affidavit, the Clerk of Court will submit the document package to the Court for pre-filing review. Should the Court determine that

the case appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the Court will authorize the Clerk of Court to accept the pleading for filing.

      3.      Should the Court decline to accept the pleading for filing, it will be returned to Stuart T. Guttman.

      4.      The proposed filing restrictions shall apply to any new lawsuit filed, but will not apply to any pending lawsuit.

**V.**      **Response to Proposed Order of Injunction**

Stuart T. Guttman shall have **twenty (20)** days from the date of this Order to file written objections to these proposed sanctions. Tripati, 827 F.2d at 354; Winslow, 17 F.3d at 316-17. If objections are not filed, the sanctions shall take effect twenty days from the date of this Order. If Stuart T. Guttman does file timely objections, these sanctions shall not take effect until the Court rules on the objections.

      **IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE