# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STUART T. GUTTMAN,

    Plaintiff(s),

vs.                                                           CIVIL NO. 04-433 WPJ/WDS

JOEL WIDMAN, individually and in his
capacity as a member of the State Bar of
New Mexico Disciplinary Board; VIRGINIA L.
FERRARA, individually and in her capacity
as a member of the State Bar of New Mexico
Disciplinary Board; HERBERT SILVERBERG;
THE NEW MEXICO STATE BAR; and
PATRICIA MADRID, individually and in her capacity
as ATTORNEY GENERAL of the State of New Mexico

    Defendant(s).

## MEMORANDUM OPINION AND FINAL ORDER ENJOINING STUART T. GUTTMAN FROM FILING FRIVOLOUS LAWSUITS

THIS MATTER comes before the Court *sua sponte* and upon Defendant Silverberg's Motion to Have Plaintiff Guttman Deemed a "Frequent Filer" and to Have Relief Entered Accordingly, filed June 14, 2005 **(Doc. 85)**.  On August 9, 2005, the Court entered a Memorandum Opinion and Order proposing to enjoin Plaintiff Stuart T. Guttman from filing any new lawsuits in the United States District Court for the District of New Mexico prior to complying with certain narrowly circumscribed conditions.  (Doc. 132).  Plaintiff was afforded twenty days in which to respond to the Court's Order of proposed injunction.  The Order addressed Plaintiff's continued abuse of the judicial system by filing frivolous and vexatious lawsuits, as well as his proclivity in filing pleadings within lawsuits that are unnecessary, and

burdensome and totally devoid of merit.

Plaintiff has responded to the Order proposing to impose filing restrictions. In fact, since the Court's Order was filed, Plaintiff has continued to exhibit the same behavior littering the docket with unnecessary filings which formed the very basis for the Court's proposed injunction. On the day the Court entered the Order, Plaintiff filed the following pleadings:

- Motion to Reconsider Order Denying Motion for Nunc Pro Tunc, filed August 9 (Doc. 126);
- Petition for Writ of Mandamus in Application to Presiding Judge William P. Johnson, filed August 9, 2005 (Doc. 127);
- Notice of Intent to File Complain [sic] Per Presiding Judge William P. Johnson Pursuant to Section 372 (C) to Title 28 of the United States Code, filed August 9, 2005 (Doc. 128);
- Motion for Accompanying Petition of Writ of Mandamus, filed August 9, 2005 (Doc. 130).

Plaintiff has also filed numerous pleadings since the Court entered the Order:

- Motion to Reconsider order Denying Plaintiff's Motion for Violation of 28 U.S.C. § 1746 in Reference to Sworn Documents and Affidavits, filed August 11, 2005 (Doc. 134);
- Motion to Reconsider Order Denying 60(b)(3) Docket #131, filed August 11, 2005 (Doc. 135);
- Motion to Reconsider Order Granting Summary Judgment for Defendants and Denying Summary Judgment for Plaintiff, filed August 11, 2005 (Doc. 136);
- Motion to Reconsider Opinion and Proposed Order Enjoining Plaintiff from Filing Frivolous Lawsuits Based on Federal Rule Civil [sic] Procedure 59(e), filed August 16, 2005 (Doc. 137);
- Motion to Strike Defendant Silverberg's Motion and Memorandum labeling Him "Frequent Filer" and to have Relief Entered Accordingly Based on Late Filing Per I.P.T.R., filed August 16, 2005 (Doc. 138);
- Motion for Rule 60(b)(4), filed August 22, 2005 (Doc. 139);
- Motion for Application of Fed.R.Civ.Proc. 56(g) in Regard to Defendant's Attorney Patricia J. Turner, filed August 23, 2005 (Doc. 141);
- Notice to Court, filed August 22, 2005 (Doc. 140); and
- Plaintiff's Notice of Appeal, filed August 25, 2005 (Doc. 143).[1]

---

[1] Plaintiff's Notice of Appeal was filed prematurely, since appeals must be taken from "final decisions" of the district courts. See, 28 U.S.C. § 1291. At the time Plaintiff filed the Notice of Appeal, the Court had not yet entered either a final order or judgment in this case. See, Fed.R.App. Proc. 4(a)(2) (notice of appeal filed before entry of judgment is treated as filed on the

The Court has considered Plaintiff's objections to the proposed injunction, and finds that Plaintiff has offered no valid reason which persuades the Court that the injunction should not issue. Further, the Court has reviewed the above pleadings, and finds that the motions which are docketed as Document Numbers 126 and 130, both filed August 9, 2005, are without merit and shall be DENIED. Motions which are docketed as Document Numbers 134, 135, 136, 137, 138, 139 and 141 also have no merit and will be DENIED.

**THEREFORE**

**IT IS HEREBY ORDERED** that Plaintiff's Motions which are docketed as Document Numbers 126 and 130,134, 135, 136, 137, 138, 139 and 141 are hereby DENIED;

**IT IS FURTHER AND FINALLY ORDERED** that the proposed filing restrictions contained in the Court's Memorandum Opinion and Order filed on August 10, 2005 **(Doc. 133)** shall become effective immediately as of the date of the filing of this Memorandum Opinion and Order, which is a final appealable Order in this case.

A Final Judgment shall be entered contemporaneously with this Order.

_____
UNITED STATES DISTRICT JUDGE

---

date of and after the entry). "A notice of appeal filed before all issues have been adjudicated in the district court will ripen upon (1) adjudication of the outstanding issues regardless of whether the appellant obtains Rule 54(b) certification; (2) issuance of a Rule 54(b) certification before appellate jurisdiction is questioned or (3) issuance of a Rule 54(b) certification within the time ordered by an appellate court after the parties have been notified of the apparent jurisdictional defect." Gretzinger v. State of Colo., No. 04-1243 (10th Cir., August 19, 2005 (first appeal dismissed; must re-file) (citing Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988) (en banc)).